IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TYE ROBERTS, #441672                       )
                                           )
                    Plaintiff(s),          )          No. C 11-5330 CRB (PR)
                                           )
        vs.                                )          ORDER OF DISMISSAL
                                           )
SAN BRUNO COUNTY JAIL, et al.,             )
                                           )
                    Defendant(s).          )
_____             )

        Plaintiff, a prisoner at the San Francisco County Jail in San Bruno, has

filed a pro se complaint under 42 U.S.C. § 1983 alleging that a jail nurse ignored

his request for information on tuberculosis in prison.  Plaintiff is concerned that

he shared a cell with another prisoner who has tuberculosis.  Plaintiff filed a

grievance, but concedes that he did not exhaust the jail's administrative process

by proceeding to the highest level of appeal available to him.

        The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. §

1997e to provide that "[n]o action shall be brought with respect to prison

conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although once

within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.  PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 93 (2006).

Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).   But a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.  Here, plaintiff concedes he did not exhaust available administrative remedies through the highest level available to him before filing suit and sets forth no reason why he should be excused from doing so.  Nor has plaintiff presented any extraordinary circumstances which might compel that he be excused from doing so.  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting the jail's administrative process through the highest level available to plaintiff.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th

Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  Feb. 22, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Roberts, T.11-5330.dismissal.wpd